IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

COUNTY OF HAWAII, a municipal )    CIVIL NO. 09-00368 ACK-LEK
corporation of the State of   )
Hawaii,                       )
                              )
          Plaintiff,          )
                              )
     vs.                      )
                              )
UNIDEV, LLC, a Delaware       )
limited liability company, et )
al.,                          )
                              )
          Defendants.         )
_____ )

**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND**

　　　　　Before the Court is Plaintiff County of Hawaii's ("the

County") Motion to Remand ("Motion"), filed on September 11,

2009.  Defendants UniDev, LLC and UniDev Hawaii, LLC

(collectively "Defendants") filed their memorandum in opposition

on October 5, 2009, and the County filed its reply on October 12,

2009.  This matter came on for hearing on October 23, 2009.

Appearing on behalf of the County was Laureen Martin, Esq., and

appearing on behalf of Defendants were Paul Alston, Esq., Kurt

Fritz, Esq., and J. Blaine Rogers, Esq.  After careful

consideration of the Motion, supporting and opposing memoranda,

and the arguments of counsel, this Court HEREBY FINDS AND

RECOMMENDS that the County's Motion be GRANTED for the reasons

set forth below.

**BACKGROUND**

This cases arises out of a dispute concerning the development of the Waikoloa Employee Housing Project (the "Project") located on the Island of Hawai`i.  The Project was a proposed development of affordable housing units to be built on land owned by the County.  The County solicited bids for the development of the Project through the issuance of a Request for Proposal ("RFP").  [Complaint at ¶¶ 6-7.]  Defendant UniDev, LLC ("UniDev") bid on the Project, submitting a response and supplemental submission to the RFP.  In its RFP Response, UniDev made various representations regarding its qualifications and financial capabilities, including its ability to provide one hundred percent of the financing for the Project.  UniDev was subsequently awarded the Project.  [Complaint at ¶¶ 10-17.]

In connection with the Project award, the County and UniDev entered into various agreements including the Conceptual Planning Agreement ("CPA") and the Development Services Agreement ("DSA").  [Id. at ¶¶ 18, 24.]  Pursuant to the CPA, UniDev delivered a report to the County which set forth various plans for the development of the Project.  [Id. at ¶ 23.]  The DSA framed the Project under four separate phases and provided that UniDev would receive fees for its services performed with respect to each of the phases.  In addition, the DSA contemplated that the County would transfer the title to the land underlying the

2

Project to a yet-to-be formed non-profit entity that would in turn form a non-profit subsidiary to act as the borrower for the Project and the ground lessee. [Id. at ¶¶ 25-34.] UniDev therefore formed the Hawaii Island Housing Trust ("HIHT"). [Id. at ¶ 36.]

On or about July 26, 2006, the County entered into a Development Agreement ("DA") with HIHT, which, among other things, provided for the County's conveyance of the land underlying the Project to HIHT and HIHT's formation of the Waikoloa Workforce Housing LLC ("WWH"), the intended ground lessee. [Id. at ¶ 37.] The County conveyed the land to HIHT and HIHT entered into a ground lease with WWH. Also pursuant to the DA, the County assigned all of its rights, duties and obligations with respect to the DSA to WWH. [Id. at ¶¶ 40-42.]

In August 2006, UniDev negotiated a short-term pre-development loan in the amount of $4,250,000 for the Project, from the National Electric Benefit Fund ("NEBF Loan") to WWH, using the ground lease as collateral. [Id. at ¶ 43.] At the time the NEBF Loan came due, UniDev was unable secure additional financing. In order to protect the collateral, the County provided $6,000,000 in interim financing to HIHT and WWH to pay-off the NEBF Loan and to provide additional pre-development phase financing. The NEBF Loan was the only funding secured by UniDev with respect to the Project. [Id. ¶¶ 45-48.]

UniDev entered into an Amended and Restated Development Services Agreement with WWH ("Amended DSA"), on or about February 21, 2008.  The County was not a party to the Amended DSA.  Among other things, the Amended DSA provided for a reduction in fees to UniDev if the County provided funding for the Project.  [Id. at ¶¶ 49-50.]  In May 2008, the County agreed to provide $3,000,000 in additional funding to the Project in connection with the pre-development phase (Phase I) and the confirmatory phase (Phase II) of the Project.  [Id. at ¶ 52.]

Based on their inability to secure third-party financing for the Project, and because rising costs threatened the affordable nature of the anticipated housing units, UniDev continued to look to the County to fund the Project.  In their efforts to persuade the County to fund the Project, UniDev and Defendant UniDev Hawaii, LLC ("UniDev Hawaii") made numerous oral and written representations to the County, including providing pro formas based on UniDev's proprietary financing model. Defendants represented that the Project was still viable, i.e., the housing units would remain affordable, despite the rise in costs and expenses associated with the Project's development. The County alleges that these representations were false, inaccurate, and/or misleading.  [Id. at ¶¶ 53-56.]

In June 2008, the County entered into a Development Financing Agreement ("DFA") with HIHT and WWH, based on the

representations made by UniDev and UniDev Hawaii, under which the
County would provide $31,000,000 to be used in accordance with
the budget attached to the DFA.  [Id. at ¶¶ 57-58.]  Thereafter,
WWH, UniDev, and UniDev Hawaii presented several alternative
proposals regarding the Project that purported to sustain the
affordability component of the housing units.  The County,
however, alleges that those proposals did not conform with the
guidelines set forth in the DFA.  In addition, an audit completed
in November 2008 revealed, *inter alia*, that: UniDev had entered
into a number contracts without WWH's approval (as required in
the Amended DSA); UniDev's estimated costs to complete the
Project were understated; and there were no contracts for
significant services.  On February 6, 2009, the County sent a
letter to WWH and HIHT asserting that they were in default under
the DFA but providing an opportunity to cure.  WWH and HIHT were
unable to cure the default within the required time period.  [Id.
at ¶¶ 59-63.]

On July 1, 2009, the County filed the instant action in
the Circuit Court of the Third Circuit, State of Hawai`i.  The
first count of the Complaint alleges that Defendants submitted
false claims in violation of Hawai`i Revised Statutes § 46-171.
In a April 30, 2009 letter written on UniDev Hawaii letterhead,
Jeffrey Minter submitted two invoices of UniDev and demanded
payment for fees under the Amended DSA (between UniDev and WWH),

despite the fact that the County was not a party to that agreement and Defendants knew that the County was not responsible for paying said invoices.  Moreover, the invoices requested amounts that would not be due to UniDev even under the Amended DSA.  [Id. at ¶¶ 65-66.]

The second count of the Complaint alleges that Defendants intentionally made numerous false representations and provided false documentation that induced the County to provide funding to WWH in order for Defendants to earn fees which were based on such funding according to the Amended DSA. Specifically, Defendants represented that: (1) the $31,000,000 provided by the County could be used for public/community facilities and for infrastructure so that rental prices could be maintained in the affordable range for target groups; (2) the $31,000,000 would be retired when a Community Facilities Bond was issued for the Project; and (3) with the County's funding, the Project, as designed, would be viable and retain its affordability component.  [Id. at ¶¶ 71-74.]  Such misrepresentations were made by Defendants to induce the County to provide more than $40,000,000 in financing to WWH.  The misrepresentations were made in various email communications, meetings, presentations and pro forma documents.  [Id. at ¶¶ 75-76.]  Ultimately, UniDev advised the County that the projected proceeds from the Community Facilities Bond would be insufficient

6

to complete the first two phases of the Project and that the $40,000,000 from the County would need to be diverted from community facilities and rental subsidies to construction costs. [Id. at ¶¶ 83-85.]  The third count of the Complaint alleges that this conduct also constitutes fraudulent inducement.  [Id. at ¶¶ 87-90.]

The fourth count of Complaint alleges that Defendants owed a duty of care to the County in making representations regarding the viability and affordability of the Project.  The County alleges that Defendants breached that duty when they made negligent or grossly negligent misrepresentations to induce the County to provide funding in order for UniDev to receive its fees under the Amended DSA.  [Id. at ¶¶ 92-94.]

The fifth count of the Complaint alleges that Defendants breached their duty to the County to use reasonable care in the performance of their professional services.  In particular, Defendants did not obtain prior approval for certain consultant contracts and their estimated expenses and instead allowed such costs to escalate in order to escalate UniDev's own fees.  [Id. at ¶¶ 97-99.]  Finally, the County alleges that Defendants' action were intentional, wilful and wanton, justifying an award of punitive damages.  [Id. at ¶ 104.]

On August 12, 2009, Defendants removed this action to federal court.  In their Notice of Removal ("Notice"), Defendants

7

assert that there is diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because this is a controversy between citizens of different states and the amount in controversy exceeds $75,000,000. [Notice at ¶ 5.] The County is a Hawai`i citizen, and the members of UniDev are all Maryland residents.[1] [Id. at ¶¶ 7-8.] Defendants acknowledge that UniDev Hawaii is a Hawai`i citizen, [id. at ¶ 9,] but they argue that UniDev Hawaii was fraudulently joined because "there is no reasonable basis for predicting that [the County] might establish liability against UniDev Hawai`i in State court." [Id. at ¶ 11.] The Complaint states that all of the relevant contracts are between the County and either UniDev, WWH, or HIHT; none include UniDev Hawaii as a party. [Id.]

In the instant Motion, the County asserts that UniDev Hawaii was not joined to defeat federal diversity jurisdiction; UniDev Hawaii committed numerous tortious acts against the County. The County cites the allegations in the Complaint and other documents attached to the Motion. For example, UniDev Hawaii provided a list of "Talking Points for restructuring" the Project which, *inter alia*, expressly stated that UniDev Hawaii was a party to the contract, and set forth various duties which UniDev Hawaii had, including coordinating the website, hiring a

---

[1] Defendants contend that the citizenship of a limited liability company is based on the citizenship of its individual members.

site project manager, collecting fees, and performing management services.  [Motion, Decl. of Laureen L. Martin ("Martin Decl."), Exh. G.]  The County argues that this illustrates that UniDev Hawaii was directly involved with the Project and was not a mere agent for UniDev.  In addition, UniDev Hawaii directly responded to Mayor Harry Kim concerning the Project, making several representations, including the following:

> The County's contribution has allowed us to
> enhance the nature of the parks and recreational
> facilities being created, transforming them from
> simple neighborhood parks to full-service
> recreational facilities that will serve the entire
> Waikoloa community.  It has also allowed us to
> lower the projected rents on all of the rental
> units in order to reach families and individuals
> earning just 80% of the median income rather than
> 100% of the median.

[Exh. H to Martin Decl. (September 4, 2007 Letter to Harry Kim from Jeffrey Minter on UniDev Hawaii letterhead) at 2.]  In the Complaint, the County alleges that these and other similar statements made by UniDev Hawaii were false and misleading. Further, UniDev Hawaii submitted invoices to the County which it knew the County was not obligated to pay.  [Exh. I to Martin Decl. (September 30, 2007 Letter to the County from Jeffrey Minter on UniDev Hawaii letterhead).]  The submission of these invoices serve, in part, as the basis for the County's false claim cause of action.

    The County notes that Defendants do not deny UniDev Hawaii's extensive involvement in the matters outlined in the

Complaint, but Defendants appear to assert that UniDev Hawaii was simply an agent of UniDev.  The County, however, contends that UniDev Hawai can still be liable for its actions.  The County argues that it is well established that an agent remains liable for its torts, despite the existence of an agency relationship. [Mem. in Supp. at 12-14 (citing Restatement (Third) of Agency § 7.01, cmt. b (2006)).]  This view is recognized by a majority of jurisdictions, even if the tortious acts were committed at the direction of the agent's principal.  [Id. at 14-15 (quoting Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 114 (1984)).]  The County also cites a decision in this district court where the court ordered remand, concluding that employees/agents had not been fraudulently joined because they could be held individually liable for their torts, even though they were acting within the scope of their employment.  [Id. at 15-16 (citing Kalawe v. KFC Nat. Management Co., No. 90-00779 ACK, 1991 WL 338566, *4 (D. Hawaii 1991)).]  The County argues that the Kalawe decision is consistent with Hawai`i state court cases that have recognized individual liability on behalf of officers, employees and agents acting within the scope of employment.  [Id. at 16-17 (citing Fuller v. Pacific Medical Collections, Inc., 78 Hawai`i 213, 225, 891 P.2d 300 (Haw. App. 1995); Eastern Star, Inc., S.A. v. Union Bldg. Material Corp., 6 Haw. App. 125, 134-135, 712 P.2d 1148, 1155-1156 (1985); State v.

Hoshijo ex rel. White, 102 Hawai`i 307, 309, 76 P.3d 550, 552
(2003)) (some citations omitted).]

The County also argues that this case should be
remanded because the Notice is procedurally defective.  In order
for a notice of removal to be proper, it must include a copy of
all of the process and pleadings served upon the defendants.  The
County contends that, in addition to the Complaint, it served
Defendants with discovery requests and a certificate of service
for the discovery requests.  The Notice, however, only contains a
copy of the Complaint.  The County asserts that Defendants'
failure to attach the Return and Acknowledgment of Service on
UniDev and UniDev Hawaii and the Certificate of Service for the
discovery requests is fatal to the removal.

Finally, the County requests its attorney's fees and
costs incurred as a result of the removal.  The County argues
that Defendants have admitted that UniDev Hawaii was a citizen of
Hawai`i and therefore it is clear that diversity jurisdiction is
lacking.  Further, Defendants' argument that UniDev Hawaii was
fraudulently joined because it was an agent of UniDev is without
merit.

In their memorandum in opposition to the Motion,
Defendants argue that UniDev Hawaii was fraudulently joined to
defeat diversity jurisdiction.  Defendants first contend that the
County has no claim against UniDev Hawaii based on the submission

of allegedly false claims to the County.  Defendants note that
Haw. Rev. Stat. § 46-171 penalizes a person who "knowingly
presents, or causes to be presented, to an officer or employee of
a county a false or fraudulent claim for payment or approval."
Thus, Defendants assert that the County must prove that: (1)
UniDev Hawaii knowingly submitted, or caused to be submitted, to
the County a claim for payment; (2) the claim was false or
fraudulent; and (3) UniDev Hawaii knew the claim was false or
fraudulent.  Defendants argue that the County cannot state a
claim under § 46-171 for three reasons.  First, UniDev Hawaii
itself did not make a claim for payment.  The invoices that
UniDev Hawaii submitted to the County were for services performed
by UniDev.  Second, the County did not plead and cannot prove
scienter or causation against UniDev Hawaii.  Third, UniDev
Hawaii cannot be held liable for the submission of the invoices
because the County explicitly requested that UniDev Hawaii submit
invoices.  The County alleges that the invoices transmitted by
UniDev Hawaii were false claims because UniDev Hawaii knew that
the County was not a party to the Amended DSA, yet the County
specifically requested that UniDev Hawaii submit these invoices.
[Mem. in Opp., Decl. of Jeffery A. Minter ("Minter Decl."), Exh.
6 (April 17, 2009 Letter from WWH to UniDev Hawaii terminating
the Project due to lack of funding and requesting, among other
things, the submission of a "final invoice, if applicable, within

thirty (30) days of the date of this letter").]   Thus, because
the Complaint alleges that the County knew of the very facts
which allegedly make the claim false, no claim has been stated.
[Mem. in Opp. at 11 (citing Boisjoly v. Morton Thiokol, Inc., 706
F. Supp. 795, 810 (D. Utah 1988)).]

         Defendants next contend that the County has no claim
against UniDev Hawaii based on misrepresentations.   Defendants
note that the essential elements common to the County's claims
for intentional misrepresentation, fraudulent inducement, and
negligent misrepresentation are (1) a false representation of
material fact, (2) made by the defendant, and (3) upon which the
plaintiff relies to his detriment.   Such claims must be pled with
a degree of specificity not applicable to other types of claims.
Defendants first point out that the allegations of
misrepresentations are alleged against "UniDev **and/or** UniDev
Hawaii."   [Id. at 13 (emphasis in original).]   Defendants argue
that Rule 9(b) of the Federal Rules of Civil Procedure requires
plaintiffs to differentiate their allegations when suing more
than one defendant.   Defendants next point to other allegations
in the Complaint that are "expressly made 'on information and
belief.'"   Defendants contend that those allegations are
similarly not permitted under Rule 9(b).   In order to support a
claim of fraud on "information and belief", a plaintiff must set
forth the source of the information and the reasons for the

belief.  The County, however, has failed to do so.  Although Defendants concede that one could discern the County's fraud claims against UniDev, the same cannot be said for UniDev Hawaii. The only misrepresentation that the County attributes uniquely to UniDev Hawaii is a "'January 30, 2008 presentation by UniDev Hawaii LLC to the HIHT Board.'"  [Id. at 16 (quoting Complaint at ¶ 75.d).]  But merely identifying the date and type of the communication is not sufficient.  Defendants argue that the County is required to allege the specific content of this presentation and explain how it was false, which it has not done.

Defendants also contend that the County has no claim against UniDev Hawaii for negligence.  Defendants point out that the only professional services that the Complaint mentions is in the Amended DSA.  The County has alleged that UniDev Hawaii breached its duty of care by negligently administered the Project.  Defendants argue that UniDev Hawaii cannot be held liable for any of the alleged breaches, however, because the only parties to the Amended DSA were UniDev and WWH.  UniDev Hawaii attempted to become a party to that agreement, but the County refused.  As a non-party, UniDev Hawaii had no duty to perform under any of the contracts and cannot be liable for negligence.

Defendants also take issue with the exhibits that the County submitted with the instant Motion.  For example, exhibits C and G are proposals that UniDev Hawaii made when it

14

unsuccessfully attempted to take over the Project from UniDev.
Those proposals never went into effect because the County
rejected them.  The County's Exhibit H is a September 4, 2007
letter from UniDev Hawaii to Mayor Kim in response to an August
21, 2007 letter that Jeffrey Minter received from Mayor Kim.
[Id. at 21, Exh. 9 to Minter Decl.]  In that initial letter,
Mayor Kim stated that "We have now committed, besides 276 acres
of land, $4 million for initial fees and studies and $40 million
for pre-development and infrastructure costs."  [Exh. 9 to Minter
Decl. at 1.]  Defendants argue that, since the County already
"committed" such funding, the County could not have relied on any
of the statements in Minter's response to Mayor Kim to continue
financing the Project.  Finally, as Defendants argued earlier,
UniDev Hawaii did not prepare the invoices; [Exh. I to Martin
Decl.;] it merely transmitted them to the County on behalf of
UniDev, at the County's request.

Defendants also dispute that the removal was
procedurally defective.  Defendants acknowledge they were
required to include a copy of all process, pleadings, and orders
served upon them in the state court, but they argue that the
return and acknowledgment of service forms, discovery requests
and certificates of service are neither "process", "pleadings"
nor "orders."  The only pleading served upon Defendants was the
Complaint, which they attached to the Notice.  Moreover, even if

those documents were required to be attached to the Notice, such failure is not fatal because the Ninth Circuit has repeatedly held that procedural defects may be cured at any time prior to judgment.  [Id. at 25 (citing Soliman v. Philip Morris Inc., 311 F.3d 966, 970 (9th Cir. 2002)) (some citations omitted).]

Finally, Defendants assert that, even if this case is remanded, the County is not entitled to an award of attorney's fees and costs.  Defendants first point out that the County has failed to submit any documentation of the fees and costs incurred.  In addition, when salaried government lawyers represent the plaintiff seeking remand, the plaintiff may only recover a proportional share of the salaries of governmental attorneys handling the removal.  Further, Defendants argue that the question of the County's fraudulent joinder of UniDev Hawaii is a "close question" under applicable state law and thus Defendants' basis for removal was objectively reasonable.

In its reply, the County notes that Defendants must establish fraudulent joinder by clear and convincing evidence. Defendants must show that it is "'obvious according to the well-settled rules of the state'" that the County has failed to state a claim.  [Reply at 1 (quoting United Computer Systems, Inc. v. AT & T Corp., 298 F.3d 756, 761 (9th Cir. 2002)).]  The County argues that the Defendants have not done so.  The County first takes issue with Defendants' assertion that UniDev Hawaii's

16

involvement with the Project was "peripheral."  The County notes that there were a number of people working for UniDev Hawaii as noted in documents and on its website.  [Reply at 2, Decl. of Laureen L. Martin ("Martin Reply Decl.), Exhs. N, DD.]  In fact, the website attributes the Project to UniDev Hawaii.  [Exh. EE to Martin Reply Decl.]  Other documents indicate UniDev's substantial involvement: (1) a contract entered into by UniDev Hawaii in October 2008 regarding the Project; (2) agendas and minutes for meetings related to the Project prepared by UniDev Hawaii; (3) representations that the contracts regarding the Project were with UniDev Hawaii; (4) various presentations regarding the Project given by UniDev Hawaii; (5) various memoranda prepared by UniDev Hawaii addressed to Mayor Kim; (6) authorizations by UniDev Hawaii to conduct work on the Project; (7) funding budgets of over $41.3 million attributed to UniDev Hawaii; (8) documents indicating that UniDev Hawaii was to receive fee distributions of $1.5 million and setting forth a "UniDev Hawaii Fee Schedule" to WWH; (9) statements by UniDev Hawaii requesting payments as well as a tax clearance certificate allowing it to receive such payments; and (10) other correspondence from the CEO/President of UniDev Hawaii providing information on the sales price of the proposed housing units, construction costs and a breakdown of "reduced fees to HD & UDH". [Exhs. O-Z to Martin Reply Decl.]  The County argues that

17

Defendants' theory of UniDev Hawaii's peripheral involvement at best creates an issue of fact that must be construed in the County's favor.

The County also contends that it sufficiently plead a cause of action under § 46-171 based on UniDev Hawaii's submission of a false invoice, even if the submission was on behalf of UniDev.  The County argues that § 46-171 provides for liability in such a situation because if no liability attached to the entity submitting the invoice, the statute would be rendered meaningless.  For example, one could simply have someone else submit a false claim in order to escape liability.  In addition, the County finds disingenuous Defendants' position that Mr. Minter prepared and explained the invoices in his capacity as Vice-President of UniDev, but otherwise was a mere "post-man" when he submitted them in his capacity as President of UniDev Hawaii.  Further, the County disputes that it sent any letter to UniDev Hawaii asking it to send the County its invoices.  That letter was sent by WWH, a distinct and separate entity from the County.  Moreover, the letter did not request that UniDev Hawaii send "false" invoices.

The County also disputes that its fraud claims against UniDev Hawaii are defective under Rule 9(b).  First, the County notes that Defendants have filed a motion to dismiss the fraud claims as against both UniDev and UniDev Hawaii, in part, on the

18

basis of lack of specificity under Rule 9(b). [Reply at 9, Exh. AA to Martin Reply Decl.] The County argues that, "[i]f Defendants' assertions go to the merits of the entire action, i.e., that it is ill founded as to all defendants, a finding of fraudulent joinder is improper." [Reply at 10 (citing Lovell v. Bad Ass Coffee Co., 103 F. Supp. 2d 1233, 1237 (D. Hawaii 2000)).] Next, the County argues that its fraud claims are plead with sufficient specificity under Rule 9(b). The County notes that, contrary to Defendants' assertion, Rule 9(b) provides that malice, intent, knowledge and other states of mind may be alleged generally. Further, even if there is any merit to Defendants' claim of lack of specificity, the County should be given an opportunity to cure any alleged defect.

The County asserts that Defendants' position that UniDev Hawaii was not a party to any of the Project contracts misses the mark. The claims against UniDev Hawaii are in tort, not contract. UniDev Hawaii's substantial participation in making knowing misrepresentations to the County, even if only incidental to a contract, warrant individual tort liability for such conduct. Further, the County is asking for treble damages for the harm caused by UniDev's and UniDev Hawaii's misrepresentations and false claims. [Id. at 15 (citing Eastern Star, 6 Haw. App. at 135 (some citations omitted)).] A treble damage action under § 46-171 is a tort action. Under § 46-171,

19

an agent who participates in the acts proscribed under the
statute is a jointly and severally liable tortfeasor.

The County also denies that the Notice is defective.
The County points out that Mr. Minter signed both "Return and
Acknowledgment of Service" forms, proving that he was served with
those documents.  In addition, the certificate of service was
likewise served upon Defendants through their counsel.  [Exh. L
to Martin Decl.]  Moreover, the cases cited by Defendants are not
persuasive.  Those cases only stand for the proposition that a
judgment will not be reversed and remanded for a procedural
defect, not that a district court should not remand in the first
instance upon finding a jurisdictional defect.  The County cites
a District of Oregon decision in which the court found that a
defendant's failure to include an exhibit to a complaint and to
cure within the thirty-day window was cause for remand.  [Reply
at 18 (citing Employers-Shopmens Local 516 Pension Trust v.
Travelers Cas. & Sur., No. 05-444-KI, 2005 WL 1653629, at *4 (D.
Or. July 6, 2005)).]

Finally, the County argues that Defendants did not have
an objectively reasonable basis to remove this case to federal
court and that Defendants were simply forum shopping.  Although
they are entitled to make a "long shot" argument for removal,
they also must bear the risk of attorney's fees and costs when
they are unsuccessful.  In addition, the County takes issue with

Defendants' position that an award would be calculated based on a pro-rata share of the government attorneys' salaries.  Any such calculation would be a very complicated and drawn out procedure and would unfairly reward Defendants with a reduced award.

**DISCUSSION**

Defendants removed the instant case pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a),(b).  [Notice at ¶ 5.]  Section 1441 provides, in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (a)-(b).  Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction.  See

21

<u>California ex rel. Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831, 838
(9th Cir. 2004).

**I.   <u>Jurisdiction</u>**

Defendants asserted diversity jurisdiction as the basis
for removal.  Federal district courts have original jurisdiction
over cases where the amount in controversy exceeds $75,000,[2]
exclusive of interest and costs, and where the matter in
controversy is between citizens of different states.  <u>See</u> 28
U.S.C. § 1332(a)(1).  Diversity jurisdiction requires "complete
diversity of citizenship", that is the citizenship of each
plaintiff must be diverse from the citizenship of each defendant.
<u>See</u> <u>Caterpillar, Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996).

One exception to the complete diversity requirement is
the fraudulent joinder of a non-diverse defendant.  A district
court may ignore the presence of a fraudulently joined defendant
for the purposes of determining diversity jurisdiction.  <u>See</u>
<u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1043 (9th Cir. 2009).
"Joinder is fraudulent [i]f the plaintiff fails to state a cause
of action against a resident defendant, and the failure is
obvious according to the settled rules of the state."  <u>Id.</u>
(citations and quotation marks omitted) (alteration in original).
Fraudulent joinder "is a term of art."  <u>See</u> <u>Morris v. Princess</u>

---

[2] The parties do not contest that the amount in controversy
in this case exceeds $75,000.

Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citation and quotation marks omitted).  A defendant is entitled to present facts to establish that the joinder was fraudulent.  See id. There is a general presumption against fraudulent joinder.  See Hamilton Materials Inc., v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  Accordingly, fraudulent joinder must be proven by clear and convincing evidence.  See id.

In the Notice, Defendants acknowledged that UniDev Hawaii is a Delaware limited liability company with its principal place of business in Hawai`i.  The members of UniDev Hawaii are residents Maryland and Hawai`i.  [Notice at ¶ 9.]  Thus, UniDev Hawaii is a citizen of Hawai`i for purposes of diversity jurisdiction.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (stating that, for purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens).  Defendants, however, argue that the County fraudulently joined UniDev Hawaii because UniDev Hawaii did not contract with the County.  Further, Defendants allege that all of the acts or omissions which form the basis for the County's claims "were committed and/or omitted, if at all, by or on behalf of UniDev, and not UniDev Hawai`i." [Notice at ¶ 11.]

In order to avoid remand, Defendants must prove by clear and convincing evidence that the County fails to state a

cause of action against UniDev Hawaii, and the failure is obvious
according to the settled rules in Hawai`i.  This is a heavy
burden, and Defendants have failed to carry it.  The County has
made specific claims against UniDev Hawaii.  For example, the
County alleges that:

> On April 30, 2009, Jeffrey A. Minter of
> "UniDev Hawai`i LLC" submitted two invoices of
> UniDev LLC, along with a letter to the County
> demanding payment of UniDev's fees under the
> Amended DSA between WWH and UniDev.  The County
> was never a party to the Amended DSA and UniDev
> recommended and created the structure for WWH to
> be entirely independent of the County.  Unidev
> Hawai`i and UniDev knew the County was not
> obligated or responsible for paying said invoices.

[Complaint at ¶ 65.]

Hawai`i Revised Statutes § 46-171 states, in pertinent
part:

> (a) Any person who:
>     (1) Knowingly presents, or causes to be
>     presented, to an officer or employee of a
>     county a false or fraudulent claim for
>     payment or approval;
>     (2) Knowingly makes, uses, or causes to be
>     made or used, a false record or statement to
>     get a false or fraudulent claim paid or
>     approved by a county;
>     (3) Conspires to defraud a county by getting
>     a false or fraudulent claim allowed or paid;
>     . . . .
> shall be liable to the county for a civil penalty
> of not less than $5,000 and not more than $10,000,
> plus three times the amount of damages that the
> county sustains due to the act of that person.
>
> . . . .
>
> (e) For purposes of this section:

24

> "Claim" includes any request or demand, whether under a contract or otherwise, for money or property that is made to a contractor, grantee, or other recipient if the county provides any portion of the money or property that is requested or demanded, or if the government will reimburse the contractor, grantee, or other recipient for any portion of the money or property that is requested or demanded.
>
> "Knowing" and "knowingly" means that a person, with respect to information:
>> (1) Has actual knowledge of the information;
>> (2) Acts in deliberate ignorance of the truth or falsity of the information; or
>> (3) Acts in reckless disregard of the truth or falsity of the information;
>
> and no proof of specific intent to defraud is required.

This Court cannot find that the County failed to state a § 46-171 claim and that the failure is obvious according to the settled rules.  Defendants' primary arguments are that the County never entered into a contract with UniDev Hawaii and all of UniDev Hawaii's actions or omissions in the Complaint were undertaken, if at all, on behalf of UniDev.

The County's § 46-171 claim against UniDev Hawaii does not require a contractual relationship.  As to Defendants' argument that UniDev Hawaii was merely acting on behalf of UniDev, the County correctly points out that UniDev Hawaii may still be exposed to separate liability, even if it was acting as UniDev's agent.  See Burgess v. Arita, 5 Haw. App. 581, 594, 704 P.2d 930, 939 (Ct. App. 1985) ("Where corporate officers or directors participate in tortious conduct, . . . they are not

shielded by the corporation and will be personally liable."
(citing <u>Cahill v. Hawaiian Paradise Park Corp.</u>, 56 Haw. 522, 543
P.2d 1356 (1975))); <u>see also</u> <u>Kalawe v. KFC Nat'l Mgmt. Co.</u>, Civ.
No. 90-00779 ACK, 1991 WL 338566, at *4 (D. Hawai`i July 16,
1991) (noting that "an employee remains liable for torts he
commits against a third party, even if the employee is acting
within the scope of his employment" and that Hawai`i appears to
have adopted a similar rule (citing <u>Lucas v. Ligget & Myers
Tobacco Company</u>, 50 Haw. 477 (1968))).

Defendants also argue that, when UniDev Hawaii
transmitted UniDev's invoices, it was acting akin to a "postman",
who delivers the mail but has no knowledge of the contents.  The
Court finds this argument particularly suspect when Jeffrey
Minter, who is both UniDev's Executive Vice President and UniDev
Hawaii's President/CEO, submitted UniDev invoices and wrote
substantial correspondence on UniDev Hawaii letterhead.  <u>See</u>,
<u>e.g.</u>, Exhs. H, I to Martin Decl.  The Court similarly finds
Defendants' other arguments on the fraudulent joinder issue to be
unavailing.

This Court therefore rejects Defendants' argument that
UniDev Hawaii was fraudulently joined.  The presence of Defendant
UniDev Hawaii, LLC, which is a citizen of Hawai`i, defeats
complete diversity of citizenship.  This Court FINDS that federal
diversity jurisdiction is not present in this case and RECOMMENDS

26

that the district judge remand this case to state court.

## II. __Alleged Defect in the Notice__

In light of this Court's findings, this Court need not address the County's argument that remand is warranted because the Notice is defective.  The Court, however, will address this issue for the sake of completeness.

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of __all process, pleadings, and orders served upon such defendant or defendants in such action__.

28 U.S.C. § 1446(a) (emphasis added).  The County argues that the Notice was defective because Defendants only attached the Complaint; Defendants failed to attach documents related to discovery requests that the County served on Defendants while the case was pending in state court.  On July 17, 2009, the County served each defendant with a discovery request along with the Complaint, and filed a corresponding certificate of service.  [Exhs. D-E, K to Martin Decl.]  On July 27, 2009, the County sent defense counsel copies of the discovery requests and the certificate of service.  [Exh. L to Martin Decl.]  The County argues that the following documents constitute pleadings or process and should have been attached to the Notice: 1) the

Return and Acknowledgment of Service on UniDev; the Return and Acknowledgment of Service on UniDev Hawaii; and 3) the Certificate of Service for the discovery requests filed on July 17, 2009 ("Service Documents").  The County also argues that the defect cannot be cured because the thirty-day period for removal has expired.[3]

The County mistakenly cites Employers-Shopmens Local 516 Pension Trust v. Travelers Casualty & Surety Co. of America, No. 05-444-KI, 2005 WL 1653629 (D. Or. July 6, 2005), in support of its argument that Defendants' failure to include copies of the Service Documents along with the Complaint and its exhibits, made the notice of removal defective.  To the contrary, the analysis contained within this case supports Defendants' position.  The court in Employers-Shopmens held that a notice of removal which contained a copy of the First Amended Complaint but did not include the pleading's exhibits was defective because "[a]n exhibit to a pleading is a part of the pleading for all purposes."  See 2005 WL 1653629, at *4 (citing Fed. R. Civ. P. 10(c)).  It is altogether different where a defendant fails to attach something that is not a pleading (such as a motion or, as here, a discovery request) to the notice of removal.  See id.

---

[3] "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(b).

(citing Fed. R. Civ. P. 7(a) (stating that a pleading is a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, and a third-party answer)).  The district court in Employers-Shopmens ruled that the removal statute, 28 U.S.C. § 1446(a), did not require a removing party to attach motions to the notice of removal.  See id.  This Court agrees and concludes that § 1446(a) did not require Defendants to attach the Service Documents to the Notice.

Further, even assuming, *arguendo*, that the failure to attach the Service Documents was an error, it does not deprive the district court of jurisdiction, and the district court could allow Defendants to cure the defect.  See W. Chance No. 2, Inc. v. KFC Corp., 957 F.2d 1538, 1540 n.3 (9th Cir. 1992) ("Western Chance claims that the district court lacked subject matter jurisdiction because KFC did not attach a copy of Western Chance's motion for a preliminary injunction when it removed the case from the state Superior Court.  Just how that failure could deprive the court of jurisdiction is not clear to us.  To the extent that the failure to attach that document was an error, it was one that the district court could allow KFC to cure, as it did." (citations omitted)).

III. **Request for Attorney's Fees and Costs**

The County argues that it is entitled to its attorney's fees and costs incurred as a result of the removal.  See 28

29

U.S.C. § 1447(c) ("An order remanding the case may require
payment of just costs and any actual expenses, including attorney
fees, incurred as a result of the removal.").

> The Supreme Court settled the standard for
> awarding attorney's fees when remanding a case to
> state court in <u>Martin v. Franklin Capital Corp.</u>,
> 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547
> (2005).  The Court held that "the standard for
> awarding fees should turn on the reasonableness of
> the removal." <u>Id.</u> at 141, 126 S.Ct. 704.  As the
> Court put it, "[a]bsent unusual circumstances,
> courts may award attorney's fees under § 1447(c)
> only where the removing party lacked an
> objectively reasonable basis for seeking removal.
> Conversely, when an objectively reasonable basis
> exists, fees should be denied." <u>Id.</u>

<u>Lussier v. Dollar Tree Stores, Inc.</u>, 518 F.3d 1062, 1065 (9th
Cir. 2008) (alteration in original).  That a removing party's
arguments lack merit is not enough to render removal objectively
reasonable. <u>See</u> <u>id.</u>  Removal is objectively unreasonable if "the
relevant case law clearly foreclosed the defendant's basis of
removal." <u>Id.</u> at 1066 (citing <u>Lott v. Pfizer, Inc.</u>, 492 F.3d 789
(7th Cir. 2007)).

        Defendants conceded from the outset that complete
diversity was lacking unless the County fraudulently joined
UniDev Hawaii.  Thus, in order to defeat remand, Defendants had
to prove, by clear and convincing evidence, that the County
failed to state a claim against UniDev Hawaii and that the
failure was obvious according to the well-settled rules of
Hawai`i law.  Defendants utterly failed to meet this burden.  The

Complaint included specific factual allegations and explicit claims against UniDev Hawaii, and there is factual evidence showing UniDev Hawaii's extensive involvement in the Project. Further, Hawai`i case law clearly foreclosed Defendants' argument that UniDev Hawaii cannot be held liable for the tortious acts or omissions that occurred while UniDev Hawaii acting as UniDev's agent. This Court therefore FINDS that Defendants' arguments for removal were objectively unreasonable.

The Court RECOMMENDS that the district judge GRANT the County's request for attorney's fees and costs reasonably incurred as a result of removal. Insofar as the County has not submitted any documentary evidence in support of its request for attorney's fees and costs, this Court declines to make any findings or recommendations about the amount of the award at this time.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that the County's Motion to Remand, filed September 11, 2009, should be GRANTED. This Court RECOMMENDS that the district judge REMAND the instant case to the state court and GRANT the County's request for attorney's fees and costs reasonably incurred as a result of the removal. The Court

31

further RECOMMENDS that the district judge direct the parties to submit separate memoranda regarding the amount of the award.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, December 23, 2009.



_/s/ Leslie E. Kobayashi_____
Leslie E. Kobayashi
United States Magistrate Judge

COUNTY OF HAWAII V. UNIDEV, LLC, ET AL.; CIVIL NO. 09-00368 ACK-LEK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND