IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COUNTY OF HAWAI'I, a municipal corporation of the State of Hawai'i,<br><br>                    Plaintiff,<br><br>          vs.<br><br><br>UNIDEV, LLC, a Delaware Limited Liability Company; UNIDEV HAWAII, LLC, a Delaware Limited Liability Company; JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50; DOE NON-PROFIT ENTITIES 1-50; DOE LIMITED LIABILITY COMPANIES 1-50; DOE ENTITIES 1-50,<br><br>                    Defendants.<br>_____ | ) Civ. No. 09-00368 ACK-LEK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S DECEMBER 24, 2009, FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND**

**FACTUAL BACKGROUND**[1]

          This case arises out of a project by the County of

Hawai'i (the "County" or "Plaintiff") to build affordable housing

_____

          [1] The facts in this Order are recited for the limited purpose of deciding the motion for remand and shall not be construed as findings of fact upon which the parties may rely in future proceedings in this case.  Thus, to the extent Defendants object the Magistrate Judge's Findings and Recommendation because they are concerned that in "paraphrasing and summarizing the County's allegations, the Magistrate Judge did not make clear that, at this point in the case, these are merely the County's contentions," this issue is resolved.  Obj. at 12.

on county-owned land.  In September of 2004, the County issued a Request for Proposals for the Waikoloa Employee Housing Project ("RFP").  Compl. ¶ 6.  The RFP sought qualifications and conceptual proposals from experienced developers for the planning, design, and phased construction of approximately 1,000 homes ("the Project").  Id. ¶ 7.  Based upon the representations in its submission and supplemental submission to the County, UniDev, LLC ("UniDev") was awarded the Project.  Id. ¶¶ 11-17. In its submissions, UniDev asserted that it brought "100% of the project financing to the table" for three phases, predevelopment funding, infrastructure financing, and vertical construction/bond financing.  Id. ¶ 16-17.  On March 2, 2006, the County and UniDev entered into a Development Services Agreement ("DSA") that provided "Phase I Services" (a conceptual planning workshop and report) had been completed and the remainder of the project was broken down into three additional phases.  Id. ¶¶ 24-25.

The DSA provided that the County would transfer title to the land upon which the Project was to be built to a to-be-formed non-profit entity which would, in turn, form a non-profit subsidiary or affiliated entity to act as the borrower of the financing for the Project.  Id. ¶ 34.  Upon formation of the subsidiary, the County was obligated to assign all of its rights and obligations under the DSA to the subsidiary.  Id. ¶ 35.  The non-profit entity created was the Hawaii Island Housing Trust

2

("HIHT"), which was incorporated on February 16, 2006.  Id. ¶ 36.
On July 26, 2006, the County entered into a Development Agreement
("DA") with HIHT and the County agreed to assign all contracts to
HIHT and its subsidiary, the Waikoloa Workforce Housing LLC
("WWH").  Id. ¶¶ 37-38.  UniDev arranged for a short term pre-
development loan.  However, when that loan became due, UniDev
could not arrange for additional financing, the County had to
provide interim financing to HIHT and WWH.  Id. at ¶¶ 43-47.

UniDev Hawaii, LLC was formed in 2007.  See Compl. ¶ 3;
Remand Mot. at 3, n.1.  UniDev Hawaii is a local affiliate of
UniDev and one of its members has resided in Honolulu since 2005.
Opp'n at 2.

On or around February 21, 2008, UniDev entered into an
Amended and Restated Development Services Agreement ("Amended
DSA") with WWH, to which the County was not a party.  Id. at
¶ 49.  UniDev failed to provide any financing for predevelopment
or construction through their "financing partners."  Id. at ¶ 51.
Throughout the course of Phases I, II, and III, UniDev and/or
UniDev Hawaii provided pro formas to the County that purported to
show the viability of the Project using UniDev's "proprietary
financing model."  Id. ¶ 54.  Viability meant that the housing
would still remain affordable to the target groups despite rising
costs and expenses.  Id.  UniDev and/or UniDev Hawaii made
numerous verbal and written representations to the County

regarding the viability of the Project and the cost of the Project, which induced the County to continue to provide financing.  Id ¶ 55.  Plaintiff alleges upon information and belief that UniDev and/or UniDev Hawaii submitted false, inaccurate, and/or misleading pro formas that failed to include all costs, or accurate assessments of the costs and/or contained unrealistic assumptions in order to make it appear that the housing would remain affordable so that the County would provide financing.  Id. ¶ 56.  In reliance on these statements, on June 12, 2008, the County entered into a Development Financing Agreement ("DFA") with WWH and HIHT through which the County made available to WWH $31,000,000 to be used in accordance with a budget attached to the agreement.  Id. ¶ 57.  The Complaint does not allege that UniDev Hawaii is a party to any contract involved in  the case.  On January 26, 2009, an independent audit of UniDev's project expenses showed numerous violations of the Amended DSA.  Id. ¶ 60-61.  On February 6, 2009, the County sent a default letter to WWH and HIHT finding them in default of the DFA and providing an opportunity to cure.  Id. ¶ 62.  WWH and HIHT did not cure within the requisite time period.  Id. ¶ 63.

## PROCEDURAL BACKGROUND

On July 1, 2009, Plaintiff, the County of Hawai'i, a municipal corporation of the State of Hawai'i filed a complaint against Defendants Unidev, LLC, Unidev Hawaii, LLC, and a number

4

of John Doe defendants.

The first count of the Complaint alleges that Defendants submitted false claims in violation of Hawai`i Revised Statutes § 46-171.  Plaintiff alleges that in an April 30, 2009 letter written on UniDev Hawaii letterhead, Jeffrey Minter submitted two UniDev invoices and demanded payment for fees under the Amended DSA (between UniDev and WWH), despite the fact that the County was not a party to that agreement and Defendants knew that the County was not responsible for paying said invoices. Moreover, Plaintiff alleges the invoices requested amounts that would not be due to UniDev even under the Amended DSA.  Id. at ¶¶ 65-66.

The second count of the Complaint alleges that Defendants intentionally made numerous false representations and provided false documentation that induced the County to provide funding to WWH in order for Defendants to earn fees which were based on such funding according to the Amended DSA. Specifically, it alleges Defendants represented that: (1) the $31,000,000 provided by the County could be used for public/community facilities and for infrastructure so that rental prices could be maintained in the affordable range for target groups; (2) the $31,000,000 would be retired when a Community Facilities Bond was issued for the Project; and (3) with the County's funding, the Project, as designed, would be viable and

5

retain its affordability component.  <u>Id.</u> at ¶¶ 71-74.  Plaintiff alleges such misrepresentations were made by Defendants to induce the County to provide more than $40,000,000 in financing to WWH. Plaintiff alleges the misrepresentations were made in various email communications, meetings, presentations and pro forma documents.  <u>Id.</u> at ¶¶ 75-76.  Plaintiff also alleges UniDev ultimately advised the County that the projected proceeds from the Community Facilities Bond would be insufficient to complete the first two phases of the Project and that the $40,000,000 from the County would need to be diverted from community facilities and rental subsidies to construction costs.  <u>Id.</u> at ¶¶ 83-85.

The third count of the Complaint alleges that this conduct also constitutes fraudulent inducement.  <u>Id.</u> at ¶¶ 87-90.

The fourth count of Complaint alleges that Defendants owed a duty of care to the County in making representations regarding the viability and affordability of the Project.  The County alleges that Defendants breached that duty when they made negligent or grossly negligent misrepresentations to induce the County to provide funding in order for UniDev to receive its fees under the Amended DSA. <u>Id.</u> at ¶¶ 92-94.

The fifth count of the Complaint alleges that Defendants breached their duty to the County to use reasonable care in the performance of their professional services.  In

6

particular, Plaintiff alleges Defendants did not obtain prior approval for certain consultant contracts and their estimated expenses and instead allowed such costs to escalate in order to escalate UniDev's own fees.  Id. at ¶¶ 97-99.  Finally, the County alleges that Defendants' action were intentional, wilful and wanton, justifying an award of punitive damages.  Id. at ¶ 104.

Defendants filed a Notice of Removal on August 12, 2009, alleging that Unidev, LLC, a Delaware citizen, and the County of Hawai'i, a Hawai'i citizen, were diverse and that the matter in controversy exceeds $75,000, thus the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1).  Removal Notice ¶ 5.  Defendant UniDev, LLC alleges that Defendant Unidev Hawaii, LLC, a Hawai'i citizen, was fraudulently joined because there is no reasonable basis for predicting that Plaintiff might establish liability against UniDev Hawaii in state court.  Id. ¶ 11.

On August 19, 2009, Defendants filed a motion to dismiss Plaintiff's fraud-based claims.

On September 11, 2009, Plaintiff filed a motion to remand ("Remand Mot.").  Defendants filed a memorandum in opposition to the motion to remand on October 5, 2009 ("Opp'n").  Plaintiff's reply to the memorandum in opposition to its motion to remand was filed on October 12, 2009 ("Pl's Reply").  A

hearing on the motion to remand was held on October 23, 2009 before Magistrate Judge Kobayashi.

Judge Kobayashi issued Findings and Recommendation to Grant Plaintiff's Motion to Remand on December 24, 2009 ("F & R").  On January 4, 2010, Defendants filed Objections to the F & R ("Obj.").  Defendants object to all portions of the F & R except to the extent it rejects Plaintiff's contention that the Notice of Removal was procedurally defective and request that the Court reject the Findings and Recommendation and enter an order denying Plaintiff's motion to remand.  Plaintiff's Response to Defendants' Objections was filed on January 14, 2010 ("Pl's Resp. to Obj.").

## STANDARD OF REVIEW

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Rule 74.2 of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  The district court may receive further evidence or recommit the matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).  It may also consider the record developed before the magistrate judge.  Local Rule 74.2.  The district court must arrive at its

own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required.  <u>United States v. Remsing</u>, 874 F.2d 614, 618 (9th Cir. 1989).  The Court finds that a hearing in this matter is neither necessary nor appropriate.  <u>See</u> Local Rule 7.2(d).

**DISCUSSION**

I.   **Fraudulent Joinder**

    A.   **Legal Standard**

Plaintiff contends that the Court does not have diversity jurisdiction.  The basis for such jurisdiction is set forth in 28 U.S.C. § 1332, which states in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . .[c]itizens of different States . . . ."  28 U.S.C. § 1332(a)(1).  Diversity jurisdiction requires "complete diversity of citizenship," that is, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. <u>See</u> <u>Caterpillar, Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996).

One exception to the complete diversity requirement is the fraudulent joinder of a non-diverse defendant.  A district court may ignore the presence of a fraudulently joined defendant for the purposes of determining diversity jurisdiction.  <u>See</u>

9

Hunter v. Philip Morris USA, 582 F.2d 1039, 1043 (9th Cir. 2009).
"Joinder of a non-diverse defendant is deemed fraudulent, and the
defendant's presence in the lawsuit is ignored for purposes of
determining diversity, 'if the plaintiff fails to state a cause
of action against a resident defendant, and the failure is
obvious according to the settled rules of the state.'" Morris v.
Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)
(quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th
Cir. 1987)).  "Fraudulent joinder must be proven by clear and
convincing evidence," Hamilton Materials Inc. v. Dow Chem. Corp.,
494 F.3d 1203, 1206 (9th Cir. 2007) (citing Pampillonia v. RJR
Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998)), as "there is a
general presumption against fraudulent joinder," id. (citing
Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir.
1998)).  Additionally, the Ninth Circuit instructs that
"[r]emoval statutes are to be strictly construed, and any doubts
as to the right of removal must be resolved in favor of remanding
to state court." Durham v. Lockheed Martin Corp., 445 F.3d 1247,
1252 (9th Cir.2006) (noting that the district court was correct
in resolving doubts in favor of remand in cases not involving
federal officers).

In evaluating the issue of fraudulent joinder, "[t]he
court may conduct a Rule 12(b)(6)-type analysis, looking
initially at the allegations of the complaint to determine

whether the complaint states a claim under state law against the in-state defendant."  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  The removing defendant must show "that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court."  Pampillonia, 138 F.3d at 461.  All ambiguities in state law must be resolved in the plaintiff's favor.  Dodson, 951 F.2d at 42.  In addition to examining the complaint, "the court may consider the plaintiff's factual assertions (whether in a brief, an affidavit, or in some other form), that elaborate on the allegations of the complaint, so long as those factual assertions are not inconsistent with the allegations of the complaint."  Conk v. Richards & O'Neil, LLP, 77 F. Supp. 2d 956, 961 (S.D. Ind. 1999); Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999) ("Post-removal filings may not be considered . . . when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court.").[2/]  "[T]he plaintiff

_____

[2/] If the plaintiff successfully states an actionable claim in his complaint, he may nevertheless have "misstated or omitted discrete facts that would determine the propriety of joinder." Smallwood, 385 F.3d at 573.  The defendant is therefore "'entitled to present the facts showing the joinder to be fraudulent.'" Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting McCabe, 811 F.2d at 1339).  In such a case, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry," Smallwood, 385 F.3d at 573, which involves the consideration of "'summary judgment-type
(continued...)

has at least as much latitude in responding to . . . a claim of
fraudulent joinder as he would have in responding to a motion to
dismiss for failure to state a claim." <u>Conk</u>, 77 F. Supp. 2d
at 961.

**B. Defendants' Objections**

To establish diversity jurisdiction, Defendants assert
that UniDev Hawaii LLC, a Hawai`i citizen, should be disregarded
for purposes of the analysis because it was fraudulently joined.
In the Notice of Removal, Defendants acknowledged that UniDev
Hawaii is a Delaware limited liability company with its principal
place of business in Hawai`i.  The members of UniDev Hawaii are
residents of Maryland and Hawai`i.  Removal Notice at ¶ 9.  Thus,
UniDev Hawaii is a citizen of Hawai`i for purposes of diversity
jurisdiction. <u>See</u> <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437
F.3d 894, 899 (9th Cir. 2006) (stating that, for purposes of
diversity jurisdiction, a limited liability company is a citizen
of every state of which its members are citizens).

Defendants challenge Judge Kobayashi's findings that
UniDev Hawaii LLC was not fraudulently joined and thus there is
no diversity jurisdiction.  With the aforementioned legal
principles in mind, the Court will now evaluate whether UniDev
Hawaii was fraudulently joined, which requires an examination of

---

[2]/(...continued)
evidence such as affidavits and deposition testimony,'" <u>Morris</u>,
236 F.3d at 1068 (quoting <u>Cavallini</u>, 44 F.3d at 263).

Plaintiff's claims against UniDev Hawaii.

    1.  <u>Additional Materials</u>

    As a preliminary matter, Defendants object to the Magistrate Judge's consideration and reliance on certain materials, arguing that the propriety of removal is determined solely on the basis of the pleadings.  Obj at 12.  This objection has no merit.  This Court has previously rejected such arguments and does so again.  <u>See</u> <u>Lovell v. United Airlines, Inc.</u>, Civ. No. 09-00146, 2009 WL 3172729, at *3 n.4, (D. Hawaii, Oct. 02, 2009) (Kay, J.).  There, this Court rejected a similar argument:

> The Ninth Circuit explained that, "[i]n deciding whether a cause of action is stated we have declared that we will 'look only to a plaintiff's pleadings to determine removability.'"  <u>Ritchey</u>, 139 F.3d at 1318 (quoting <u>Gould v. Mut. Life Ins. Co. of New York</u>, 790 F.2d 769, 773 (9th Cir. 1986)).  However, the court went on to note that, "[w]here fraudulent joinder is an issue, we will go somewhat further."  <u>Id.</u>  The court then addressed the situation in which the removing defendant seeks to pierce the pleadings.  <u>See</u> <u>id.</u>  Thus, the Ninth Circuit's limited review on the issue of removability applies to cases in which fraudulent joinder is not at issue.  On top of that, the <u>Ritchey</u> case does not mention, much less address, the situation in which a plaintiff seeks to cure defects in his claim against an in-state defendant with supplementary evidence.  In view of the decisions cited above, namely, <u>Griggs</u> and <u>Conk</u>, the Court finds it proper to permit the plaintiff to do so.  In each case, the plaintiff submitted supplementary evidence in response to the claim of fraudulent joinder before the district court ruled on the plaintiff's remand motion.  <u>See</u> <u>Griggs</u>, 181 F.3d at 699; <u>Conk</u>, 77 F. Supp. 2d at 958.  The Plaintiffs in this case have similarly provided such evidence in their filings, and the Court will consider the evidence in deciding their motion for a remand.

Id.; see also Charlin v. Allstate Ins. Co., 19 F.Supp.2d 1137, 1140 (C.D. Cal. 1998).

Defendants also object to Magistrate Judge Kobayashi's reliance on documents the County attached to its motion to remand and to its reply memorandum on the basis that they were not properly authenticated.  See Obj. at 12-13.  The Court notes that Defendants did not make any objections to the declaration the County submitted with its remand motion or the exhibits attached thereto in their opposition to the motion to remand.  This omission is notable given that Defendants devoted three pages to analyzing the substance of the exhibits attached to the remand declaration, but did not make any objections based upon the alleged lack of authentication until they filed their objections to the F & R.  See Opp'n at 20-22.  Also of note, the remand and reply declarations are made by the same attorney on the same bases.

The Court rejects Defendants' objection regarding authentication.  Defendants argue that "there is nothing to indicate [the attorney making the declaration] has personal knowledge of the documents."  Obj. at 13.  This is directly controverted by the declaration itself which states "I am an attorney employed by the office of Corporation Counsel for the County of Hawai'i and am one of the attorneys assigned to represent Plaintiff in the within matter and has [sic] personal

14

knowledge of the matter set forth herein."  Decl. of Laureen L. Martin, dated Oct. 12, 2009, ¶ 2 ("Martin Decl.") (emphasis added).  Furthermore, authentication may also be made by "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances."  Fed. R. Evid. 902(b); see also Orr v. Bank of Am., 285 F.3d 764, 774 (9th Cir. 2002) (noting that a deposition transcript that was missing its cover page and reporter's certification could not be authenticated simply by counsel's statement that it was a "true and correct copy" nor by reviewing its contents because the witness's name was not mentioned once in the deposition extract). Thus, the Court may examine the substance of the documents themselves to determine if they "support a finding that the matter in question is what its proponent claims."  Fed. R. Evid. 901(a).[3/]

     2.   <u>UniDev Hawaii As An Agent of UniDev</u>

Although much briefing is devoted to the issue, it is not necessary to determine whether UniDev Hawaii was acting as UniDev's agent.  There does not appear to be any dispute that UniDev Hawaii was involved in the project; rather the dispute appears to be what, if any, involvement UniDev Hawaii had in the

---

[3/] In any event, the Court finds consideration of the additional exhibits attached to the reply declaration is not essential to its decision. Both parties admit that UniDev Hawaii was involved in the Project.

wrongful conduct alleged in the complaint.  See Obj. at 15 n. 11
("[i]t is UniDev Hawaii's involvement in the wrongful conduct
alleged in the Complaint, not its involvement in the Project,
which matters to the fraudulent joinder analysis."); see also F &
R at 17 (citing numerous documents that show UniDev Hawaii's
substantial involvement).  The Court notes that based on
Defendants' Removal Notice, which states "[a]ll acts and/or
omissions of which Plaintiff complains were committed and/or
omitted, if at all, by or on behalf of UniDev, and not UniDev
Hawaii," it was reasonable for Plaintiff and Judge Kobayashi to
interpret Defendants' arguments to be that UniDev Hawaii was
acting as an agent of UniDev.  See Remand Mot. at 11-18; F & R at
9, 25-26.

At this point, however, the Court notes that the law
that an agent can be held liable for tortious acts or omissions
even if it was acting as an agent is quite clear, and is not
disputed by the parties.  Indeed, the parties' arguments
demonstrate that this Court need not further address this issue.
See Remand Mot. at 12-14 (citing Restatement (Third) of Agency §
7.01, cmt. b (2006)); Pennhurst State School & Hosp. v.
Halderman, 465 U.S. 89, 114 (1984); Obj. at 15 ("Defendants never
made this argument because it is frivolous. It is hornbook law
that an agent that commits a tort remains liable even though the
agent committed the tort on behalf of or at the direction of the

principal.");  Opp'n at 22-23 ("It is true, as the County points out, that an agent remains liable for his own torts even though he commits them on behalf of or at the direction of his principal . . . . As explained above, however, the County has failed to allege or substantiate any tort committed by UniDev Hawaii. Thus, whether UniDev Hawaii was acting as UniDev's agent or not is irrelevant to this Motion.")  Therefore, the Court now turns to the issue of whether Plaintiff states a claim in tort against UniDev Hawaii.

> 3.    Claims Under H.R.S. § 46-171, the County False Claims Act

Defendants object to Magistrate Judge Kobayashi's conclusion that the Court could not find that the County has failed to state a claim under § 46-171 (False Claims to the Counties) against UniDev Hawaii and that the failure is obvious according to the settled rules.  Obj. at 3 (quoting F & R at 25). This Court rejects Defendants' objection and agrees with Judge Kobayashi's conclusion.

Defendants argue "the main defect with the county's cause of action against UniDev Hawaii is that UniDev Hawaii never itself tried to get paid by the County."  Obj. at 4.  Defendants' argument is not supported by the statutory language or precedent it cites.  H.R.S. § 46-171 provides

> (a) Any person who:
>> (1)   Knowingly presents, or causes to be presented, to an officer or employee of a

17

> County a false or fraudulent claim for
> payment or approval;
>
> (2) Knowingly makes, uses, or causes to be made
> or used, a false record or statement to get a
> false or fraudulent claim paid or approved by
> a County; ...
>
> shall be liable to the county for a civil penalty of
> not less than $5,000 and not more than $10,000, plus
> three times the amount of damages that the county
> sustains due to the act of that person.

H.R.S. § 46-171.  The flaw in Defendants' argument is evident

from the plain language of the statute, which provides liability

for someone who "knowingly presents, or causes to be presented" a

false or fraudulent claim to a county.  Id.  Plaintiff alleges

that UniDev Hawaii "submitted two invoices of UniDev LLC, along

with a letter to the County demanding payment of UniDev's fees

under the Amended DSA between WWH and UniDev."  Compl. ¶ 65.

Plaintiff further alleges that "UniDev Hawai'i's invoices of

April 30, 3009 also requests [sic] payment for amounts that . . .

would not be due to UniDev" and provides examples of why it

alleges those amounts were not due and were falsely included.

Compl. ¶ 66.  Plaintiff argues that the the letter submitting the

invoices not only demands prompt payment but also explains why

Defendants believed the County was liable for the payments.  See

Pl's Resp. to Obj. at 7; Martin Decl. Ex. I at 2 ("Under all

these circumstances, we view the County as a successor in

interest to WWH under the Amended DSA, resuming its original

position as Project owner and 'Sponsor.'  As such, the County is

bound by the Amended DSA, including its provisions regarding

18

termination.")  These allegations and arguments show Plaintiff has properly alleged that UniDev Hawaii has "presented or cause[d] to be presented, to an officer or employee of a county a false or fraudulent claim for payment or approval."  H.R.S. § 46-171(a)(1); see also Compl. ¶ 67.

Defendants' arguments that the invoices themselves were UniDev invoices and not UniDev Hawaii invoices and that they were not addressed to the County are not persuasive because Plaintiff has alleged that UniDev Hawaii transmitted the invoices to the County and "demanded payment" (Compl. ¶ 65).  See Obj. at 4-5. Therefore, it does not matter that the actual invoice was not originally addressed to the County or that the actual invoice says "UniDev" on it.  Payment was still demanded from the County by UniDev Hawaii, which presented the invoice (that Plaintiff alleges to be fraudulent) to the County.  This provided support for Plaintiff's allegation that "UniDev and UniDev Hawaiʻi knowingly made, used, or caused to be made or used, the April 30, 2009 invoice to get these false or fraudulent claims paid or approved by the County."  Compl. ¶ 68.

Defendants argue 1) that UniDev Hawaii was akin to a postman who was just transmitting the invoices; 2) UniDev Hawaii submitted the invoices because the County asked it to; and, 3) UniDev Hawaii had no involvement in the preparation of the invoices.  These arguments fail at this juncture.  Such arguments

19

may be valid defenses to liability, but the Court cannot at this point say there is no possibility of Plaintiff recovering from UniDev Hawaii under state law.  The statute defines knowing and knowingly to mean,

> that a person, with respect to information:
> (1) Has actual knowledge of the information;
> (2) Acts in deliberate ignorance of the truth or falsity of the information; or
> (3) Acts in reckless disregard of the truth or falsity of the information;
> and no proof of specific intent to defraud is required.

H.R.S. § 46-171.

The Court agrees with Judge Kobayashi that at this juncture, Defendants' arguments that Mr. Minter, who was the Chief Executive Officer of UniDev Hawaii and Executive Vice President of UniDev was acting simply as a "postman" in transmitting the invoice fail.  F & R at  26; Minter Decl. ¶¶ 2, 9.  Although, Defendants claim he prepared the invoices for UniDev in his capacity as Executive Vice President of UniDev (Minter Dec. ¶ 15), given his role as the Chief Executive Officer of UniDev Hawaii, there is an adequate basis for Plaintiff's allegation that UniDev Hawaii knowingly presented false invoices to the County.  Mr. Minter who prepared the invoices, cannot justifiably be compared to a postman who does not know the contents of a transmission.  Mr. Minter, writing on UniDev Hawaii stationary, even explained the content of the invoices in his letter to the County.  See Martin Decl. Ex. I at 3.

Defendants also argue that the only reason the invoices were submitted to the County was because the County had requested them.  Obj. at 5.  This argument, again, goes to the merits of the claim and not whether Plaintiff has plead the possibility of recovering against UniDev Hawaii.

In support of their theory that the County requested the invoices, Defendants apparently rely on a single letter.  See Minter Decl. ¶ 15.  The Court observes that the letter to which Defendants refer was not written by the County, but rather by WWH.  The letter, which is attached to Mr. Minter's declaration as Ex. 6, requests that the "final invoice, if applicable" be sent to WWH (not the County).  The letter also requests only that a copy of correspondence be sent to the County.  The Court does not view this letter, which was not sent by the County, as inviting UniDev Hawaii to demand payment from the County.  Moreover, in any event the letter certainly did not request invoices for services not rendered.

Defendants also cite U.S. v. President and Fellows of Harvard Coll., 323 F. Supp. 2d 151, 186 (D. Mass. 2004), to assert that "to 'cause' the presentation of false claims under the FCA some degree of participation in the claims process is required."  The Court agrees with that statement of the law, but concludes that Plaintiff has adequately asserted UniDev Hawaii had some participation in the claims process, i.e. submitting a

21

request for payment to the government.  The court in <u>Harvard
Coll.</u> noted that "most courts agree that the FCA covers 'indirect
mulcting of the government'" and the court there held there was
sufficient evidence to tie a defendant to the claims process,
even though he had not directly submitted the claims for payment.
<u>Id.</u> (citation omitted).  Even the cases Defendants cite support a
finding that Plaintiff states a cause of action against UniDev
Hawaii.  As the Supreme Court noted in <u>Allison Engine Co. v. U.S.
ex rel. Sanders</u>, --- U.S. ----, 128 S.Ct. 2123, 2129 n.1 (2008)
in interpreting the Federal False Claims Act (which, at the time,
was the same as the county statute but for the definition of
government):

> This interpretation of § 3729(a)(2) does not render
> superfluous the portion of § 3729(c) providing that a
> "claim" may be made to a contractor, grantee, or other
> recipient of Government funding. This language makes it
> clear that there can be liability under §§ 3729(a)(1)
> and (2) where the request or demand for money or
> property that a defendant presents to a federal officer
> for payment or approval, § 3729(a)(1), or that a
> defendant intends "to get . . . paid or approved by the
> Government", § 3729(a)(2), <u>may be a request or demand
> that was originally "made to" a contractor, grantee, or
> other recipient of federal funds and then forwarded to
> the Government</u>.

Id. (emphasis added); <u>see also</u> <u>U.S. v. Pres. & Fellows of Harvard
Coll.</u>, 323 F. Supp.2d 151, 186 (D. Mass 2004) ("A person need not
directly submit claims to the government to be liable.") (also

22

cited by Defendants).[4]

_____

[4] This Court has previously concluded:
The Hawaii False Claims Act was enacted in 2000. Haw.
Rev. Stat. §§ 661-21 et seq. The language of Haw. Rev.
Stat. § 661-21 is almost identical to the federal FCA's
language in Section 3729. The Hawaii's False Claims Act
extends liability in situations nearly identical to the
federal FCA. <u>See</u> <u>United States ex rel. Rost v. Pfizer,</u>
<u>Inc.</u>, 446 F.Supp.2d 6, 12 n. 13 (D.Mass.2006) . . .
Thus, the analysis for liability under the federal FCA
will apply in a similar fashion to the state FCA. There
may be additional liability, however, under the Hawaii
FCA in circumstances not covered by the federal FCA.
<u>U.S. ex rel. Lockyer v. Hawaii Pacific Health</u>, 490 F.Supp.2d
1062, 1072 (D. Hawaii 2007).
　　　The Standing Committee Reports support the Court's view
that the state and county false claims act should be interpreted
similarly to the federal false claims act.  In establishing the
state act, the committee noted "the purpose of this bill is to
establish a Qui Tam Actions or Recovery of False Claims Act,
modeled after the Federal False Claims Act, to allow persons with
evidence of fraud against state programs or contracts to sue the
wrongdoer on behalf of the state."  H. Stand. Comm. Rep. No.
1368-00, in 2000 House Journal, at 1533.  Similarly, in
establishing the county false claims act, the Joint Tourism and
Intergovernmental Affairs and Judiciary Committee, explained
"[t]he purpose of this measure is to create civil liability and
penalties in favor or the counties for false claims" and
discussed the "comparable" state and federal acts. Sen. Stand.
Comm. Rep. No. 1169, in 2001 Senate Journal at 1533.
　　　Additionally, as Defendants point out, there are no
reported decisions from the Hawai'i appellate courts interpreting
this county statute or the analogous state-level statute. Obj. at
3; Opp'n at 6-7.  Defendants also appear to agree that it should
be interpreted as the federal statute, which has virtually
identical language, is interpreted.  <u>Id.</u>  Plaintiff does not
expressly address the issue, but notably also does not appear to
have found any decisions interpreting either the county level or
state level false claims act, as neither its motion to remand nor
its response to Defendants' objections includes any caselaw
discussing these statutes.  The only case Plaintiff does cite in
its analysis of the False Claims Act is a federal false claims
act case.  <u>See</u> Pl's Reply at 8.

The Court also observes that the County's § 46-171 claim against UniDev Hawaii does not require a contractual relationship. <u>See</u> H.R.S. 46-171(e) ("'Claim' includes any request or demand, whether under a contract or otherwise . . .") Thus, the County has properly plead a cause of action against UniDev Hawaii for presenting a request for payment that the County alleges was false.

Additionally, the Court finds that the County's allegations regarding a violation of the False Claims Act are sufficiently detailed to withstand the heightened pleading requirements applicable to fraud-based claims, although a claim of fraudulent joinder may be defeated even if the particularity requirements are not met. See <u>infra</u> at 17-19; Obj. at 5 (citing <u>Bly-Magee v. Cal.</u>, 236 F.3d 1014, 1018 (9th Cir. 2001)). The County has specified the invoices it alleges to be false, when they were submitted, and why they are false. <u>See</u> Compl. ¶ 66. Defendants' argument that this is really a billing dispute and not a fraud, goes to the merits of whether they are liable; but not to whether Plaintiff has a cause of action sufficient to defeat fraudulent joinder. Courts have distinguished between a complete lack of a cause of action against a sham defendant and an

> 'inquiry as to whether those defendants could propound defenses to an otherwise valid cause of action.' A finding of fraudulent joinder is improper if the defendant's assertions go to 'the merits of the action

> as an entirety, and not to the joinder; that is to say,
> it indicated that the plaintiff's case was ill founded
> as to all the defendants.'

Lovell v. Bad Ass Coffee Co. of Hawaii, Inc., 103 F. Supp.2d

1233, 1237 (D. Hawaii 2000) (citations omitted).  However, at

this stage of the litigation, Plaintiff's pleadings are

sufficient to establish there is some possibility of recovery

under state law; therefore, Defendants have failed to prove by

clear and convincing evidence that UniDev Hawaii was fraudulently

joined.  Thus, especially in light of the Ninth Circuit's canon

that any doubts as to the right of removal must be decided in

favor of remand to the state court, the case is remanded to state

court.  See Durham, 445 F.3d at 1252.

　　　　Finally, the Court notes that, although it may be a

more difficult argument, there is some possibility Plaintiff can

recover based upon the allegations in Paragraph 69 of the

complaint.  Paragraph 69 alleges

> because UniDev and UniDev Hawai'i knew that WWH had
> been receiving funding from the County through WWH and
> the County's various financing agreements, UniDev and
> UniDev Hawai'i's false and fraudulent claims to WWH for
> payment of their subcontractor fees and expenses are
> also violations of HRS § 46-171.  These false or
> fraudulent claims include but are not limited to:
> UniDev Invoice dated 3/17/08 . . . .

Compl. ¶ 69.  The Courts have held that "getting a false or

fraudulent claim 'paid . . . by the Government' is not the same

as getting a false or fraudulent claim paid using 'government

funds.'" Allison Engine Co., 128 S.Ct. at 2128.  The Supreme

25

Court, however, noted that recovery is possible if the defendant intends the government to pay the claim.  Id. at 2128-29.  Thus, if Plaintiff can prove that in submitting the invoices listed in Paragraph 69, Defendants intended the government to pay the invoices, then it may be able to recover on those invoices in addition to the invoices that were attached to the April 30, 2009 letter demanding payment.

    4.    <u>Intentional Misrepresentations, Fraudulent</u>
          <u>Inducement, and Negligent Misrepresentations</u>

Because of its conclusion that Plaintiff states a claim against UniDev Hawaii on the basis of the County False Claims Act, the Court need not examine Defendants' other objections. The case can be remanded solely upon that basis.  However, in the interest of completeness, the Court will briefly address some of Defendants' other objections.

Defendants object to the fact that the Magistrate Judge did not separately analyze the County's three fraud claims (Intentional Misrepresentations, Fraudulent Inducement, and Negligent Misrepresentations), instead "summarily dismiss[ing] Defendants' challenges to them as 'unavailing'"  Obj. at 7. However, as the Magistrate Judge had already detailed Defendants' arguments on pages 11-16 of her F & R, it was not necessary to list out each argument again and individually reject it. Furthermore, because it is Defendants' burden to prove by clear and convincing evidence that "plaintiff fails to state a cause of

action against a resident defendant and that failure is obvious according to the settled rules of the state" (that is to say – that there is <u>no</u> possibility that plaintiff can recover from Defendant); once the court has determined that Plaintiff appears to have at least one claim there is no need to examine other claims in any greater detail.  See <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001); <u>Knutson v. Allis-Chalmers Corp.</u>, 358 F.Supp.2d 983, 993 (D. Nevada 2005) ("a plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder challenge).

Defendants' arguments that the County has not satisfied its heightened pleading burden under Fed. R. Civ. P. 9(b) for the three fraud claims (Intentional Misrepresentations, Fraudulent Inducement, and Negligent Misrepresentations), and therefore UniDev Hawaii is fraudulently joined, also fail in light of Defendants' burden.  Defendants are required to prove by clear and convincing evidence that there is no possibility that Plaintiff can state a claim against UniDev Hawaii.  Plaintiff has alleged that UniDev and/or UniDev Hawaii made numerous verbal and written representations to the County that the project was still viable to induce it to provide funding.  Compl. ¶ 55.  UniDev Hawaii also wrote a letter to Mayor Harry Kim, which specifically represented that "[t]he County's contribution . . . has allowed

27

us to lower the projected rents on all of the rental units in order to reach families and individuals earning just 80% of the median income rather than 100% of the median." Martin Decl. Ex. H at 2. The County also alleged that UniDev and/or UniDev Hawaii submitted false, inaccurate, and or misleading pro formas which failed to include all costs and/or contained unrealistic assumptions in order to make it seem that the project was still viable. Id. ¶ 56. Finally, Plaintiff alleged that it relied on these statements. Id. ¶ 57. These allegations, if true, are sufficient to establish that Plaintiff may be able to recover against UniDev Hawaii. Furthermore, as stated earlier, the Court may pierce the pleadings in examining the issue of remand. See supra n. 4. Plaintiff's Reply Brief and supporting exhibits make quite clear UniDev Hawaii's extensive involvement in this project and thus the likelihood that UniDev Hawaii is responsible for the misrepresentations Plaintiff alleges. See, e.g., Compl. ¶¶ 72-75, 77-79. Thus, there is at least a "possibility" that the County will be able to recover against UniDev Hawaii under one of its fraud theories. See Pl's Reply at 2-5 and attached exhibits.[5/]

---

[5/]See e.g., Martin Decl. Ex. O, a consulting services agreement between UniDev Hawaii LLC and a consultant in relation to the Project; Martin Decl. Exs. P and Q, agendas and minutes for meetings regarding the Project; Martin Decl. Ex. S, a presentation that appears to be by UniDev Hawaii (although the logo appears a bit faded on the copy the court has); and, Martin
(continued...)

Moreover, while the Court may undertake a 12(b)(6) type analysis regarding a plaintiff's claims against a defendant alleged to be fraudulently joined, the standard for remand is more lenient than the standard for dismissal.  See Knutson v. Allis-Chalmers Corp., 358 F.Supp.2d 983, 995 (D. Nevada 2005) (citing cases); Aardema Group, LLC v. Northwest Dairy Ass'n, No. 09-cv-00045 EJL-REB, 2009 WL 1748082, at *2 (D. Idaho, June 17, 2009); Lujan v. Giradri Keese, Civ. No. 09-00017, 2009 WL 5216906, at *4 (D. Guam, Dec. 29, 2009).  Thus, a

> merely defective statement of the plaintiff's action does not warrant removal . . . it is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder [can] be said to be fraudulent

Aardema Group, 2009 WL 1748082 at *2 n.1 (quoting Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944)).  This Court concurs with the reasoning in Aardema, that

> it cannot be said that one's alleged failure to plead a fraud claim with particularity necessarily forecloses the *possibility* that a fraud claim may nonetheless exist - the very standard applied when addressing fraudulent joinder.  In other words, a plaintiff's failure to plead a fraud claim against a defendant with particularity does not mean that defendant was fraudulently joined.  See, e.g., Candy, 2007 WL 1381806 at *3 (for remand purposes, "[t]he Court could ... agree that many of the claims fail to fully and completely articulate all the particulars of a given

---

[5]/(...continued)
Decl. Ex. U UniDev authorization to complete work and interim budget with fees attributed to UniDev Hawaii.

> cause of action. [But][t]he Court cannot agree that
> there is no possibility the [p]laintiff can set forth a
> viable claim against [d]efendant ....")

Aardema Group, 2009 WL 1748082, at *3 (some citations omitted;

footnotes omitted; emphasis in original).  Defendants here argue

that the County has not satisfied its heightened pleading burden

because 1) most of the misrepresentations are alleged against

"UniDev and/or UniDev Hawai'i [sic]" or "UniDev and UniDev

Hawaii;" 2) many of the allegations concerning the fraud claims

are expressly made "on information and belief;"[6] and 3) the only

misrepresentation the County specifically attributes to UniDev

Hawaii is a presentation that was given to a third party.  Obj.

at 8-9.  However, even assuming arguendo, that Plaintiff has

failed to plead with particularity its intentional

misrepresentation, fraudulent inducement, and negligent

misrepresentation claims against UniDev Hawaii, the Court cannot

hold that there is no possibility of recovery under these claims.

The Court reiterates that it is not ruling here on whether or not

---

[6] Defendants rely on two cases for this proposition.  See
Obj. at 8 (citing Wool v. Tandem Computers Inc., 818 F.2d 1433
(9th cir. 1987) and Neubronner v. Milken, 6 F.3d 666 (9th Cir.
1993)).  As Plaintiff points out, however, Neubronner stated that
"information and belief" is appropriate when the information is
within opposing parties' knowledge since the rule is relaxed.
Neubronner, 6 F.3d at 672.  Additionally, most of the allegations
in the Complaint which include the phrase "information and
belief" refer to the state of mind of the Defendants, which can
be alleged generally.  See Fed. R. Civ. P. 9(b) ("Malice, intent,
knowledge, and conditions of a person's mind may be alleged
generally."); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d
1541, 1545 (9th Cir. 1994).

Plaintiff's complaint would survive a motion to dismiss based upon a failure to plead these claims with particularly under Fed. R. Civ. P. Rule 9(b) because it is unnecessary to decide that issue for purposes of deciding the motion to remand.

     5.   <u>Negligence And Punitive Damages Claims</u>

     Having already concluded that there are multiple bases which establish UniDev Hawaii is not fraudulently joined, the Court will not address Defendants' objections regarding Plaintiff's alleged negligence and punitive damages claims.

## II.  Alleged Defect in the Notice

     Neither party objected to this portion of the Magistrate Judge's findings and recommendation, which concluded that 28 U.S.C. § 1446(a) did not require Defendants to attach the Service Documents to the Notice of Removal.[7]  After review, this portion of the F & R is adopted in its entirety.  This Court agrees that § 1446(a) does not require Defendants to attach the Service Documents because it requires Defendants only to attach a copy of all "process, pleadings and orders."  28 U.S.C. § 1446(a).  The Service Documents are not process, pleadings, or orders.

---

[7]As defined in the F & R, the Service Documents that Plaintiff alleges should have been attached to the Notice of Removal are "1) the Return and Acknowledgment of Service on UniDev; [2)] the Return and Acknowledgment of Service on UniDev Hawaii; and 3) the Certificate of Service for the discovery requests filed on July 17, 2009."  F & R at 27-28.

Further, even assuming arguendo, that the failure to attach the Service Documents was an error, it does not deprive the district court of jurisdiction, and the district court could allow Defendants to cure the defect. See W. Chance No. 2, Inc. v. KFC Corp., 957 F.2d 1538, 1540 n.3 (9th Cir. 1992) ("Western Chance claims that the district court lacked subject matter jurisdiction because KFC did not attach a copy of Western Chance's motion for a preliminary injunction when it removed the case from the state Superior Court. Just how that failure could deprive the court of jurisdiction is not clear to us.  To the extent that the failure to attach that document was an error, it was one that the district court could allow KFC to cure, as it did." (citations omitted)).

**III. Request for Attorney's Fees And Costs**

Defendants also object to the Magistrate Judge's findings and recommendation that the Court award the County its costs and attorney's fees incurred as a result of removal.  Obj. at 14; F & R at 29-31.

The County argues that it is entitled to attorney's fees under 28 U.S.C. § 1447(c), which provides, "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Ninth Circuit has explained the standard set forth by the Supreme Court as follows:

32

> The Supreme Court settled the standard for awarding attorney's fees when remanding a case to state court in <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).  The Court held that "the standard for awarding fees should turn on the reasonableness of the removal." Id. at 141, 126 S.Ct. 704.  As the Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." Id.

<u>Lussier v. Dollar Tree Stores, Inc.</u>, 518 F.3d 1062, 1065 (9th Cir. 2008) (alteration in original) (footnotes omitted).  That a removing party's arguments lack merit is not enough to render removal objectively unreasonable.  <u>Id.</u>  Removal is objectively unreasonable if "the relevant case law clearly foreclosed the defendant's basis of removal."  <u>Id.</u> at 1066 (citing <u>Lott v. Pfizer, Inc.</u>, 492 F.3d 789 (7th Cir. 2007)).

This Court adopts the Magistrate Judge's recommendation that it award the County costs and attorney's fees. Given the extremely high standard for fraudulent joinder, which requires the Defendants to prove by clear and convincing evidence that there is <u>no</u> possibility of a claim, the facts that Plaintiff has plead and that Defendants admit, and Defendants' knowledge of UniDev Hawaii's involvement in this project, the Court concludes that it was objectively unreasonable for Defendants to have removed this case.  The plain language of the county false claims act and the cases Defendants cite are sufficient to show that it was not reasonable to believe that Defendants could establish

33

there was no possibility of recovery under state law.

**CONCLUSION**

For the foregoing reasons, Magistrate Judge Kobayashi's Findings and Recommendation is adopted. This Court GRANTS Plaintiff's Motion to Remand and Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 10, 2010.



Alan C. Kay
Sr. United States District Judge

County of Hawai'i v. UniDev, LLC, et al., Civ. No. 09-00368 ACK-LEK: Order Adopting The Magistrate Judge's December 24, 2009, Findings and Recommendations to Grant Plaintiff's Motion to Remand.

34